**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

ABIGAIL M. LEGROW
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

August 26, 2022

Kimjwonna Randolph
SBI# 198493
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

      RE:   *State v. Kimjwonna Randolph*
            I.D. No. 0502002967

Dear Mr. Randolph:

The Court has received your letter[1] through which you seek judicial review of your sentence under 11 *Del. C.* § 4214(f). Although Judge Brennan took over the cases previously assigned to Judge Herlihy, who was your sentencing judge, I am responding to your letter because I am one of the judges responsible for reviewing requests for certificates of eligibility under Section 4214(f).

Consistent with the legislation enacting Section 4214(f), this Court has adopted Special Rule of Procedure 2017-1 to establish procedural rules to govern the filing and consideration of petitions under that section. That rule provides for the appointment of the Office of Defense Services ("ODS") to represent a defendant who is eligible for sentence review under Section 4214(f). That rule also provides that *pro se* applications will not be considered unless the Court specifically grants a petitioner permission to proceed *pro se*.

These rules are in place to ensure that the statutory requirements of Section 4214(f), which are complex and exacting, are met. Failure to meet those requirements can result in a petition's dismissal. Because the statute and this Court's rule generally prohibit repetitive petitions, the Court wishes to foster the

---

[1] D.I. 19.

most effective process for the one-time sentence review allowed. The Court does not find that these procedures lend themselves well to applications by unrepresented litigants. Moreover, the Court's rule for these applications specifically provides that ODS counsel "shall represent" any Section 4214(f) movant. Del. Super. Ct. Spec. R. 2017-1(b). Therefore, only by specific application after consultation with assigned counsel will the Court consider an inmate's application to proceed *pro se*.[2]

Based on my review of your file and your criminal history, it is unlikely you are eligible for relief under Section 4214(f). But there may be something about your record of which I am unaware that makes you eligible for relief. The Court therefore is forwarding your filing to Todd E. Conner, Esquire, of the Office of Defense Services. You should contact Mr. Conner to discuss your eligibility for relief and any further filings or proceedings in your case.

In light of the foregoing, your petition **SUMMARILY IS DISMISSED** under Del. Super. Ct. Spec. R. 2017-1(d)(8). This dismissal is **WITHOUT PREJUDICE** for the filing, *if* you are eligible, of a certificate of eligibility that complies with 11 *Del. C.* § 4214(f) and Del Super. Ct. Spec. R. 2017-1.

**IT IS SO ORDERED.**

Very Truly Yours,

*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

cc:   Honorable Danielle J. Brennan
      Todd E. Conner, Chief Deputy Public Defender

---

[2] *See* Del. Super. Ct. Crim. R. 47.